**Haim REVAH and Lucinda Revah, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**No. 11–70211.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 2014.

Filed Sept. 17, 2014.

Edward Morris Robbins, Jr., Esquire, Cory Stigile, Esquire, Hochman Salkin

Rettig Toscher & Perez, PC, Beverly Hills, CA, for Petitioners–Appellants.

Regina S. Moriarty, Gilbert Steven Rothenberg, Esquire, Deputy Assistant Attorney General, John A. Dicicco, Acting Assistant Attorney General, DOJ–U.S. Department of Justice, Robert R. Di Trolio, Esquire, Clerk, U.S. Tax Court, William J. Wilkins, Chief Counsel, Internal Revenue Service, Washington, DC, for Respondent–Appellee.

Before: THOMAS, M. SMITH, and CHRISTEN, Circuit Judges.

## MEMORANDUM *

Haim and Lucinda Revah appeal from the decision of the tax court concluding that equitable recoupment does not apply to offset their income tax liabilities, and upholding the determination of the Internal Revenue Office of Appeals to proceed with the collection of such liabilities. Because the parties are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We reverse and remand.

A party seeking equitable recoupment must demonstrate that: (1) the "same transaction, item, or taxable event" is subject to two taxes; (2) the taxes are "inconsistent in that the Tax Code authorizes only a single tax"; (3) the tax sought to be recouped is time barred; (4) there is an "identity of interest between the parties paying the duplicative tax"; and (5) "the court in which the recoupment claim is brought must independently have jurisdiction to adjudicate the claim." *Estate of*

*Branson v. Comm'r*, 264 F.3d 904, 909–10 (9th Cir.2001) (internal quotations omitted).

The tax court concluded that the Revahs could not demonstrate that the Internal Revenue Service applied two inconsistent taxes. The tax court reasoned that the Revahs' inability to use net operating losses to reduce tax liabilities was the result of their failure to make their refund claims within the proper time period, rather than the result of inconsistent theories of taxation.

The tax court's conclusion that the Revahs are not entitled to equitable recoupment due to their failure to timely file is erroneous. In *United States v. Bowcut*, we rejected the government's argument that recoupment should not be permitted because the situation from which relief was sought was created by the taxpayer's untimely refund claim. 287 F.2d 654, 657 (9th Cir.1961); *see also Branson*, 264 F.3d at 918 (citing *Bowcut* to reject government's argument that petitioner was not entitled to equitable recoupment because she did not diligently pursue her refund claim). Rather, both *Bowcut* and *Branson* concluded that equitable recoupment was available even though the claims at issue were not timely filed. *Branson*, 264 F.3d at 918; *Bowcut*, 287 F.2d at 657.

Therefore, even though the Revahs failed to timely file their refund claims, their untimeliness is not a ground upon which the tax court may deny equitable recoupment. *See Branson*, 264 F.3d at 918; *Bowcut*, 287 F.2d at 657. The tax court thus erroneously concluded that the Revahs' failure to timely assert their refund claims precluded them from satisfying the equitable recoupment requirement

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

that the taxes be inconsistent. Accordingly, we reverse and remand for further proceedings consistent with this memorandum disposition.

**REVERSED AND REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.